KIBLER FOWLER & CAVE LLP
John D. Fowler (SBN 271827)
jfowler@kfc.law
Tracy B. Rane (SBN 192959)
trane@kfc.law
Kevin J. Cammiso (SBN 316540)
kcammiso@kfc.law
11100 Santa Monica Blvd., Suite 500
Los Angeles, California 90025
Telephone:   (310) 409-0400
Facsimile:    (310) 409-0401

Attorneys for Plaintiff Goorin Bros., Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| GOORIN BROS., INC., a California limited liability company,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>GOLDSTARHAT LLC, a New York limited liability company; and DOES 1 through 10, inclusive,<br><br>　　　　　　Defendants. | CASE NO. 3:24-CV-05579-RS<br><br>**PLAINTIFF GOORIN BROS. INC.'S RESPONSE TO COURTS ORDER RE: QUESTIONS CONCERNING MOTION FOR DEFAULT JUDGMENT**<br><br>Judge:   Hon. Richard Seeborg<br><br>Trial Date:　　　None Set |

Plaintiff Goorin Bros., Inc. ("Goorin" or "Plaintiff") hereby submits the following responses to the three questions relating to Plaintiff's Motion for Entry of Default Judgment, which are set forth in this Court's Order dated April 17, 2025:

## I.　**Question 1:**

The operative complaint does not specify the damages sought, but the motion for entry of default judgment calculates $1.4 million as the sum of compensatory damages. California law limits recovery in default judgments to the amount stated in the complaint. *See Sass v. Cohen*, 10 Cal. 5th 861, 870–71 (2020). Three of the claims in the complaint are brought under California law. In light of the guidance in *Sass*, on what basis may the court award compensatory damages via default

judgment on the state law claims in this case?

**Response to Question 1**:

The holding in *Sass v. Cohen* is expressly based on what it refers to as "statutory requirements for pleading" that constitute "back-end limitations" on relief as set forth in Section 580 of the California Code of Civil Procedure. 10 Cal. 5th at 870-71 (2020). While the statutory pleading requirements in Section 580 of the Code apply to pleadings filed in California state courts, under the Federal Rules of Civil Procedure, a plaintiff need not demand a sum certain in the complaint in order to recover damages on default. *AirDoctor, LLC v. Xiamen Qichuang Trade Co., LLC*, 2025 WL 1086045 (9th Cir. April 11, 2025)*; Appleton Electric Co. v. Graves Truck Line, Inc.*, 635 F.2d 603, 610-11 (7th Cir. 1980) (explaining that under the Federal Rules, "[n]o known authority supports Graves's asserted proposition that defendants have a 'right' to default and to know the exact measure of liability that will flow from a prospective default."). This approach is consistent with the general rule that even when a "claim for relief is based on state law, federal procedural rules govern the pleading standard." *Raymat Materials, Inc. v. A & C Catalysts, Inc.*, 2013 WL 3662477, at *2 (N.D. Cal. July 12, 2013); *see also Clark v. Allstate Ins. Co.*, 106 F.Supp.2d 1016, 1018 (S.D.Cal.2000) ("It is well-established that federal courts sitting in diversity must apply state substantive law and federal procedural rules.").

Accordingly, federal courts faced with claims arising under California state law have applied federal pleading requirements rather than those arising under state law. *See Merrifield v. Miner's Inn Restaurant & Lounge*, 2006 WL 4285241, at *3 (E.D. Cal. Sept.25, 2006) (in the context of a default judgment, "where a type of damages is requested in the complaint in an amount to be proved, but the amount is not specified, recovery in excess of an amount stated is permitted."); *see also St. Paul Fire & Marine Ins. Co. v. Virginia Sur. Co.*, 2013 WL 941795, at *1 (S.D. Cal. Mar. 11, 2013) ("under Federal Rule of Civil Procedure 54(c) . . . the complaint

need not allege the precise amount of monetary damages in order for a plaintiff to recover the damages on default judgment."); Fed. R. Civ. P. 8(a); Fed. R. Civ. P. 55.

Because the Federal Rules of Civil Procedure govern the pleading standard in this Court, and a plaintiff need not specify the precise amount of damages in a complaint to satisfy the pleading standards of the Federal Rules, this Court may award Goorin damages in the amount established in the Motion for Entry of Default Judgment and the supporting Declaration submitted therewith.

## II.     Question 2:

Plaintiff does not appear to have served on Defendant a statement that gives notice of the specific amount of punitive damages sought.  See West's Ann. Cal. C.C.P. § 425.115 (requiring such form notice in order to preserve the right to seek punitive damages under state law).  On what basis may the court award punitive damages via default judgment on the state law claims in this case?

**Response to Question 2**:

In *Sass v. Cohen*, discussed above in response to the Court's first question, Section 425.115 is also included in the California Supreme Court's analysis of state-law pleading requirements. 10 Cal. 5th at 870-71.  As is the case with Section 580, the Federal Rules govern the procedural requirements to establish a claim for punitive damages.  *Clark v. Allstate*, 106 F.Supp.2d at 1018.

In the context of punitive damages, federal courts have thus found that "the Federal Rules of Civil Procedure govern the punitive damages claim procedurally with respect to the adequacy of pleadings." *Clark v. State Farm Mut. Auto Ins. Co.*, 231 F.R.D. 405, 406 (C.D. Cal. 2005) (citing *Bureerong v. Uvawas*, 922 F.Supp. 1450, 1480 (C.D.Cal.1996)).  Thus, applying § 425.115 as a pleading requirement in federal court would improperly supplant Federal Rule 8 with state procedure.  Rule 8 only requires "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief" and a "demand for the relief [plaintiff] sought." Plaintiff has made such a statement in its claims in the complaint and established its entitlement

to punitive damages in its motion for a default judgment.

**III.     Question 3**:

On what basis may the court award compensatory or punitive damages via default judgment on the federal cause of action in this case?

**Answer to Question 3:**

This Court may award compensatory damages to Goorin on the federal cause of action via default judgment in this action in two ways. First, this Court may simply award the damages sought by Goorin based on the request set forth in Goorin's Motion and supporting Declaration, even though the damages sought by Goorin in the federal cause of action are not set forth in the Complaint. *AirDoctor, LLC v. Xiamen Qichuang Trade Co., LLC*, 2025 WL 1086045 (9th Cir. April 11, 2025)*; see also, Appleton Electric Co. v. Graves Truck Line, Inc.*, 635 F.2d 603, 610-11 (7th Cir. 1980).  In *Air Doctor,* the Ninth Circuit expressly held Rule 54 does not prohibit awarding actual damages in a default judgment to a party that sought in its pleadings actual damages in an amount to be determined at trial.  *Id.* at *2.

Specifically, in *Air Doctor,* the district court granted the plaintiff's motion for default judgment and request for an injunction, but denied the plaintiff's request for actual damages on the ground that such award would exceed in the amount demanded in the pleadings in violation of Rule 54(c) because the Complaint had not quantified the damages sought.  *Id.*  On appeal, the Ninth Circuit reversed, noting prior Ninth Circuit precedent that indicated that such recovery would be permitted, as well as the fact that the Seventh Circuit has held that Rule 54(c) does not bar a district court from awarding damages in a default judgment where a party's pleadings did not quantify the amount of damages sought.  *Id.*

Second, this Court can hold a hearing on the issue of damages if it believes that a hearing is necessary to determine the amount of damages.  *See* Fed. R. Civ. P. 55(b)(2)(B) (The court may conduct hearings. . . when, to enter or effectuate

judgment, it needs to . . . determine the amount of damages).

Goorin is not seeking punitive damages in connection with its federal trademark infringement claim.  Rather, it is seeking actual damages and lost profits in an amount calculated at $1,410,000.  *See* Motion at 17-18; *see also,* Declaration of Ben Goorin in Support of Motion for Entry of Default Judgment, ¶11, Ex. E.

Dated:  May 1, 2025                             KIBLER FOWLER & CAVE LLP

By: _____
JOHN D. FOWLER
TRACY B. RANE
KEVIN J. CAMMISO
Attorneys for Plaintiff Goorin Bros., Inc.