UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOORIN BROS., INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>GOLDSTARHAT LLC,<br><br>    Defendant. | Case No. 24-cv-05579-RS<br><br>**ORDER REQUIRING HEARING ON DAMAGES SOUGHT VIA DEFAULT JUDGMENT** |

Plaintiff Goorin Bros., Inc. sued Defendant GoldStarHat LLC in August 2024, averring trademark and trade dress infringement as well as violations of the California Unfair Competition Law. A hat-maker, Plaintiff claims that Defendant sells competing hats online that feature Plaintiff's trademark trapezoid design mark and copy Plaintiff's trade dress, which comprises non-functional elements including the "trucker" style and animal images centered within a square-framed patch. Plaintiff seeks an injunction to restrain Defendant from using the design marks and trade dress as well as damages to the tune of $1.41 million, plus $1 million in punitive damages. Defendant having failed to appear or respond to the complaint, Plaintiff now moves for entry of default judgment.

Under Federal Rule of Civil Procedure 55, entering a default judgment is a two-step process: prior to entry of a default judgment, there must first be an entry of a default. Fed. R. Civ. P. 55. Following entry of default, a district court may in its discretion grant relief upon an application for default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In this process, well-pleaded factual allegations in the complaint are taken as true, except as to the

amount of damages. *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir.2002). For those, Plaintiff must prove the relief it seeks through testimony or written affidavit. *Bd. of Trs. of the Boilermaker Vacation Trust v. Skelly, Inc.*, 389 F.Supp.2d 1222, 1226 (N.D. Cal. 2005). "[A] default judgment for money may not be entered without a hearing unless the amount claimed is a liquidated sum or capable of mathematical calculation." *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981).

In this instance, the amount Plaintiff claims is not a liquidated sum, and it is unclear whether it is capable of mathematical calculation on the current record. Thus, for any money damages to be awarded, a hearing is necessary. Plaintiff is ordered to appear for a hearing on Thursday, July 24, 2025, at 2pm, in San Francisco, Courtroom 03, 17th Floor. Plaintiff is to present a more fulsome explanation of how it calculated the damages in this case. It appears to argue that, because *one* of Gold Star's products has received 140 reviews on Amazon, and assuming that "only a small fraction of the overall purchasers leave a review," Defendant must have sold at least 1,000 units of *each* of its 48 infringing products. At roughly $40 per hat, Plaintiff argues, Gold Star's gross sales must be $1.92 million—a figure which Plaintiff then halves "to hedge its estimates" and in light of equitable principles. That amount, when combined with $450,000 in statutory damages, sums to the $1.41 million in compensatory damages sought. Plaintiff separately seeks $1 million in punitive damages because it claims that Gold Star "ignored Goorin's take down notices, then tried to hide their ongoing infringements." Dkt. No. 16 at 27.

At the hearing, Plaintiff will have an opportunity to explain whether the other infringing products sold on Amazon have received reviews that support its estimates, as well as to explain why $1 million is an appropriate sum for punitive damages. If Plaintiff would prefer appearing virtually or on a different Thursday, it may so request.

**IT IS SO ORDERED**.

Dated: June 25, 2025

_____
RICHARD SEEBORG
Chief United States District Judge